BEN DUPRE, Bar No. 231191
2005 De La Cruz Bld., Suite 203
Santa Clara, CA 95050
Tel: 408-727-5377
Fax: 408-727-5310
bendupre@gmail.com

RONALD WILCOX, Bar No. 176601
Attorney at Law
1900 The Alameda St., 530
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
ronaldwilcox@gmail.com

Counsel for the Plaintiff
Patricia G. Pacheco

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**

**(SAN JOSE DIVISION )**

| | |
|---|---|
| PATRICIA G. PACHECO, | ) Case No.: |
| Plaintiff, | ) **COMPLAINT** |
| v. | ) |
| WEBBANK, DELL FINANCIAL SERVICES, LLC, and DOES 1-10, | ) **DEMAND FOR JURY TRIAL** |
| Defendants. | ) |

**I. INTRODUCTION**

1. Ms. Pacheco is a victim of identity theft.  The thief opened a Dell account in her name. When Ms. Pacheco found out about the identity theft she notified the police and sent a police report to WebBank (the purported lender for Dell Financial Preferred accounts). WebBank refuses to cease holding Ms. Pacheco responsible and liable for the fraudulent debt and has reported false and inaccurate information on her credit report.

COMPLAINT

1

2. As a result of defendants unlawful acts and omissions, Ms. Pacheco has suffered actual damages in the form of serious and severe physical and emotional injury, emotional distress, including nervousness, stress, paranoia, embarrassment, humiliation, anger, loss of concentration at work and home, fear, hopelessness, frustration, anxiety, depression, irritation, and loss of enjoyment of life, among other negative emotions.

3. According to the FBI, Identity Theft is the fastest growing crime in the United States.  In 2012 alone, 12.6 million people in the United States became victims of identity theft. According to the FDCPA, 15 U.S.C. 1692, which California's Fair Debt Collection Statute incorporates:

> (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, **to the loss of jobs**, and to **invasions of individual privacy**.
>
> (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## II. JURISDICTION AND VENUE

4. Defendants are authorized to do business and do business in California.

5. Jurisdiction of this Court arises under 28 U.S.C. section 1337, and supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C. section 1367.

6. Venue is proper in that Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

7. Plaintiff, Patricia Pacheco ("Ms. Pacheco"), is a natural person residing in San Jose, California.  Ms. Pacheco is a "person" as defined by Cal. Civil Code sections 1788.2(g) a "debtor" as defined by Cal. Civil Code section 1788.2(h), and victim of identity theft defined by Cal. Civil Code section 1798.92(d).

COMPLAINT

8. Defendant, WebBank ("WebBank") is a debt collector as that term is defined by California Civil Code section 1788.2(c). WebBank regularly collects debts owed on its own behalf. Web Bank is a "claimant" as defined by Cal. Civil Code section 1798.92(a).

9. Defendant, Dell Financial Services, LLC ("DFS") is a debt collector as that term is defined by California Civil Code section 1788.2(c). DFS purportedly services the accounts of WebBank, and regularly collects debts owed to WebBank.[1] DFS is a "claimant" as defined by Cal. Civil Code section 1798.92(a).

10. Defendants, Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to Ms. Pacheco, and who are sued by such fictitious names. Ms. Pacheco is informed and believes and thereon alleges that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Ms. Pacheco. Ms. Pacheco will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

11. Ms. Pacheco alleges that at all times herein mentioned, each of the Defendants was, and is now, the agent, servant, employee and/or other representative of the other Defendants. And in doing the things herein alleged, Defendants were acting in the scope, purpose and authority of such agency, service of employment, and/or other representative capacity with the permission, knowledge, consent, and ratification of the other Defendants.

12. Defendants authorized, approved, and/or ratified the acts herein.

13. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant by Ms. Pacheco to refer to all the defendants above.

---

[1] http://www.dell.com/content/topics/topic.aspx/us/segments/dhs/dpa_privacy_policy?c=us&l=en&cs=QTO19

COMPLAINT

## IV. **FACTS**

### Ms. Pacheco Discovers She is a Victim of Identity Theft

14. Ms. Pacheco is a victim of identity theft.

15. Someone opened a WebBank/DFS account (and used it to make fraudulent purchases of Dell products) in the name of Ms. Pacheco without her knowledge or consent.

### Web Bank Dismissively Rejects Ms. Pacheco and Demands Payment

16. On multiple occasions, Ms. Pacheco informed WebBank that she had been a victim of identity theft, including providing WebBank with a copy of her police report.

17. Yet, Web Bank rejected Ms. Pacheco and informed her on multiple occasions that it would continue to take efforts to collect money from her, despite the fact the account was fraudulent and Ms. Pacheco did not owe Web Bank any money.

### As a Result of the Fraud, Web Bank Continues to Report False Information on Ms. Pacheco's Credit Report

18. As early as June 2013, Ms. Pacheco's credit report contained false information regarding this fraudulent account.

19. Ms. Pacheco's credit reports falsely stated that she had an account regarding this WebBank/DFS account, that she owed $1,056.00, among other things.

20. Defendants furnished false and inaccurate information to credit reporting agencies regarding Ms. Pacheco.

### Web Bank Dismisses Ms. Pacheco's Pleas With Reckless Indifference.

21. Despite Ms. Pacheco's pleas to cease collecting on this fraudulent account, WebBank responded to Ms. Pacheco with reckless indifference, never bothering to properly investigate this account, or appropriately respond to Ms. Pacheco's pleas.

COMPLAINT

22. Despite repeated communications showing Ms. Pacheco is a victim of identity theft, WebBank continues relentlessly to hold Ms. Pacheco responsible and liable for this debt.

22. Defendants failed to diligently investigate Ms. Pacheco's claim of identity theft.

23. Defendants engaged in false, deceptive and misleading practices in attempting to collect the alleged debt, including attempting to collect amounts not owed, and taking actions they could not legally take, among other things.

24. Defendants engaged in unfair and unconscionable practices in an attempt to collect a debt.

25. Defendants engaged in conduct which had the natural consequence to harass, oppress, and abuse Ms. Pacheco.

## V. FIRST CLAIM FOR RELIEF – CALIFORNIA IDENTITY THEFT STATUTE
*(Cal Civil Code section 1798.92 et. seq.)*

26. Ms. Pacheco repeats and re-alleges the paragraphs above.

27. Defendants are "claimants" within the meaning of Civil Code section 1798.92(a) in that they are a person who purports to have a claim for money or interest in property in connection with a transaction procured by identity theft.

28. Ms. Pacheco is a "victim of identity theft" within the meaning of Civil Code section 1798.92(c) in that she is a person who has had her personal identifying information used without authorization by another to obtain credit, goods, services, money, or property which Ms. Pacheco did not use or possess, and she has filed a police report in this regard pursuant to Cal. Penal Code section 530.5.

29. Ms. Pacheco is a victim of identity theft within the meaning of Penal Code section 530.5, in connection with the fraudulent charges.

30. Defendants' acts and omissions violated Civil Code sections 1798.92 and 1798.93 including, but not limited to, the sections listed below.

31. Pursuant to Civil Code section 1798.93(c)(1), Ms. Pacheco is entitled to a declaration that she is not obligated on any claim of Defendants for money or property.

COMPLAINT

5

32. Ms. Pacheco is entitled to a declaration that any security interest that Defendants may have in some property Ms. Pacheco allegedly owns or owned is void and/or unenforceable.

33. Pursuant to Civil Code section 1798.93(c)(3), Ms. Pacheco is entitled to an injunction restraining Defendants from collecting or attempting to collect from her on its alleged claims, from enforcing or attempting to enforce any security interest or other interest in her alleged property in connection with Defendants' claims, and from enforcing or executing on any judgment against Ms. Pacheco on such claims.

34. Pursuant to Civil Code section 1798.93(c)(5), Ms. Pacheco is entitled to damages, attorney fees, costs, and any equitable relief the court deems appropriate.

35. Pursuant to Civil Code section 1798.93(c)(6), Ms. Pacheco is entitled to a civil penalty of $30,000.  Ms. Pacheco provided written notice to Defendants, at least thirty days prior to filing an action, at the address designated by Defendants for complaints related to credit reporting issues, that a situation of identity theft might exist and explaining the basis for that belief.  Defendants failed to diligently investigate Ms. Pacheco's notification of a possible identity theft, and continued to pursue its claims against Ms. Pacheco after being presented with facts that establish Ms. Pacheco was a victim of identity theft.

36. As a result of Defendants' violations, Ms. Pacheco is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

## VI. SECOND CLAIM FOR RELIEF - RFDCPA
*(Rosenthal Fair Debt Collection Practices Act (Cal. Civil Code 1788 et seq.)*

37. Ms. Pacheco repeats and re-alleges, and incorporates by reference all the paragraphs above.

38. Defendants' acts and omissions, and course of conduct as more fully described above constitute numerous and multiple violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") Civil Code 1788 et seq., including but not limited to the violations of §§ 1788 et seq. and 1788.17.

COMPLAINT

39. Defendants violated California Civil Code § 1788.17, by making false, deceptive and/or misleading representations or means in an attempt to collect a debt, and taking action they could not legally take.

40. Defendants violated California Civil Code § 1788.17, by engaging in an unfair and unconscionable act in an attempt to collect a debt.

41. Defendants violated California Civil Code 1788.17, by engaging in conduct which had the natural consequence to harass, oppress, and abuse Ms. Pacheco.

42. As a result of Defendants' violations, Ms. Pacheco is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to Cal. Civil Code sections 1788.17 and 1788.30.

## VII. THIRD CLAIM – CCCRA
*California Consumer Credit Reporting Act (Cal. Civil Code 1785.25 et seq.)*
*Against Defendants*

43. Defendants acts and omissions violated California Civil Code section 1785.25(a) including, but not limited to the below.

44. Defendants willfully, maliciously, and intentionally furnished the inaccurate information regarding Ms. Pacheco to credit reporting agencies they knew or should have known was incomplete and/or inaccurate, in violation of Cal. Civil Code section 1785.25(a).

45. Defendants furnished false information to the credit reporting agencies with malice or willful intent to injure Ms. Pacheco.

46. Ms. Pacheco is entitled to damages to be determined by a trier of fact pursuant to Cal. Civil Code section 1785.31.

47. Ms. Pacheco is entitled to attorney's fees and costs pursuant to Cal. Civil Code section 1785.31.

COMPLAINT

48. Ms. Pacheco is entitled to punitive damages (to be determined by a trier of fact) and injunctive relief, pursuant to Cal. Civ. Code section 1785.31, as a result of Defendants' willful and malicious conduct.

### VII. FOURTH CLAIM – FCRA (1681s2-b)
*(Against Defendants)*

49. Ms. Pacheco repeats the foregoing paragraphs as if fully reinstated herein.

50. Defendants acts and omissions violated 15 U.S.C. § 1681 et seq., including, but not limited to the sections listed below.

51. Within the last two years, Defendants have furnished inaccurate information about Ms. Pacheco to the consumer reporting agencies, Equifax, TransUnion, and Experian.

52. Within the last two years, as described above Ms. Pacheco has disputed the inaccurate information with TransUnion, Equifax, and Experian.

53. Within the last two years, as described above, TransUnion, Experian, and Equifax sent Defendants a notice of Ms. Pacheco's dispute with respect to the inaccurate information it furnished.

54. Defendants negligently and willfully violated 15 USC § 1681s-2(b) by failing to conduct an appropriate investigation, by failing to review all relevant information and by failing to properly modify, delete or permanently block the reporting of the inaccurate information about Ms. Pacheco.

55. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Ms. Pacheco that are outlined more fully above and, as a result, Defendants are liable to Ms. Pacheco for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

COMPLAINT

## VIII.  **PRAYER FOR RELIEF**

WHEREFORE, Ms. Pacheco, respectfully prays that judgment be entered for the following:

A. Statutory, actual and punitive damages.

B. Statutory damages pursuant to Civil Code sections §§1788.30, 1788.17 and 1798.93;.

C. Costs and reasonable attorney's fees pursuant to Civil Code sections 1788.30, 1798.93, and 1785.31;

D. Statutory damages, Actual Damages, Attorney Fees, Costs, and Punitive Damages pursuant to 15 U.S.C. 1681 *et seq.*

E. Injunctive relief pursuant to Cal. Civil Code section 1798 against Defendants, including but not limited to an injunction against Defendants from attempting to collect from Ms. Pacheco on this fraudulent account, and from later selling this fraudulent account to a third party debt collector;

F. That this Court find and declare that Ms. Pacheco is a victim of identity theft with respect to the above mentioned account;

G. For declaratory, injunctive and other equitable relief; including an order directing Defendants to cease from any reporting of this fraudulent account or any other inaccurate or incomplete information arising out of this fraud on Ms. Pacheco's credit reports.

H. For such other and further relief as may be just and proper.

Date: 12/26/13

/s/ Ben E. Dupré

Ben Dupre, Attorney for Plaintiff

COMPLAINT

9

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff Patricia Pacheco demands trial by jury in this action.

Date:  12/26/13

/s/ Ben E. Dupré

Attorney for Plaintiff

COMPLAINT