BEN DUPRE, Bar No. 231191
2005 De La Cruz Blvd., Suite 203
Santa Clara, CA 95050
Tel: (408) 727-5377
Fax: (408) 727-5310
Email: bendupre@gmail.com

RONALD WILCOX, Bar No. 176601
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
Email: ronaldwilcox@gmail.com

Counsels for the Plaintiff, Patricia G. Pacheco

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PATRICIA G. PACHECO,<br><br>          Plaintiff,<br><br>     v.<br><br>WEBBANK, DELL FINANCIAL<br>SERVICES, LLC, and DOES 1-10<br><br>          Defendant(s). | Case No. 3:13-CV-05964 EMC<br><br>**NOTICE AND MOTION TO STRIKE AFFIRMATIVE DEFENSES OF WEBBANK AND DELL FINANCIAL SERVICES, LLC'S ANSWER TO COMPLAINT**<br><br>Date: April 10, 2014<br>Time: 1:30 p.m.<br>District Judge:  Hon. Edward M. Chen<br><br>U.S. District Court<br>Northern District of California<br>San Francisco Courthouse, Courtroom 5<br>17th Floor<br>450 Golden Gate Avenue,<br>San Francisco, CA 94102 |

- 1 -

**MOTION TO STRIKE WEBBANK AND DELL FINANCIAL SERVICES, LLC'S AFFIRMATIVE DEFENSES**

**<u>NOTICE OF MOTION TO STRIKE AFFIRMATIVE DEFENSES</u>**

**TO: ALL DEFENDANTS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on April 10, 2014 at 1:30 PM or as soon thereafter as this matter may be heard, in Courtroom 5, 17th Floor of San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, 94102, before District Judge Hon. Edward M. Chen, United States District Judge, Plaintiff, Patricia G. Pacheco ("Plaintiff"), will move the Court for an Order striking affirmative defenses from Defendant, Webbank and Dell Financial Services, LLC's Answer to Complaint (ECF Doc. 12).

This motion is made pursuant to Fed. R. Civ. P. 12(f) on the ground that the affirmative defenses are not plead with sufficient particularity to provide Plaintiff with "fair" notice of the defenses being advanced and the pleadings fail to raise the alleged defenses beyond the speculative level.

This motion is based on this Notice of Motion and Motion to Strike Affirmative Defenses filed herewith, and such other evidence, argument, and authorities which may be presented at or prior to the hearing before this Court on this Motion, and such other and further matters of which this Court may take judicial notice.

**<u>MOTION TO STRIKE AFFIRMATIVE DEFENSES</u>**

**<u>I. BACKGROUND</u>**

Ms. Pacheco is a victim of identity theft. The thief opened a Dell account in her name. When Ms. Pacheco found out about the identity theft she notified the police and sent a police report to WebBank (the purported lender for Dell Financial Preferred accounts). WebBank refuses to cease holding Ms. Pacheco responsible and liable for the fraudulent debt and has reported false and inaccurate information on her credit report.

As a result of defendants' unlawful acts and omissions, Ms. Pacheco has suffered actual damages in the form of serious and severe physical and emotional injury, emotional distress, including nervousness, stress, paranoia, embarrassment, humiliation, anger, loss of concentration at work and home, fear, hopelessness, frustration, anxiety, depression, irritation, and loss of enjoyment of life, among other negative emotions.

- 2 -

**MOTION TO STRIKE WEBBANK AND DELL FINANCIAL SERVICES, LLC'S AFFIRMATIVE DEFENSES**

According to the FBI, Identity Theft is the fastest growing crime in the United States. In 2012 alone, 12.6 million people in the United States became victims of identity theft.

According to the FDCPA, 15 U.S.C. 1692, which California's Fair Debt Collection Statute incorporates:

> (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, **to the loss of jobs**, and to **invasions of individual privacy.**

> (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

Defendants willfully, maliciously, and intentionally furnished the inaccurate information regarding Ms. Pacheco to credit reporting agencies they knew or should have known was incomplete and/or inaccurate, in violation of Cal Civil Code Section 1785.25(a).

Defendants' acts and omissions violated 15 U.S.C. Section 1681 et seq., in that within the last two years Defendants have furnished inaccurate information about Ms. Pacheco to the consumer reporting agencies, Equifax, TransUnion, and Experian. Defendants negligently and willfully violated 15 U.S.C. Section 1681s-2(b) by failing to conduct an appropriate investigation, by failing to review all relevant information and by failing to properly modify, delete or permanently block the reporting of the inaccurate information about Ms. Pacheco.

## II. LEGAL PRINCIPLES

• Courts in California have followed the majority of the courts and hold the U.S. Supreme Court's standards in *Twombly* and *Iqbal* [1] apply to the pleading of affirmative defenses. *Ansari v. Electronic Document Processing, Inc.*, 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012). Also see *Perez v. Gordon & Wong Law Group, P.C.*, No. 11CV03323 LHK, 2012 WL 1029425, at *8 (N.D. Cal. March 26, 2012)(collecting cases). "This standard 'serve[s] to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims).

• "While a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Ansari v. Electronic Document Processing, Inc.*, 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012).

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**MOTION TO STRIKE WEBBANK AND DELL FINANCIAL SERVICES, LLC'S AFFIRMATIVE DEFENSES**

• Specifically, when pleading a bona fide error or reasonable procedure maintained in an attempt to avoid the violation of a consumer protection statute "defendant must plead the circumstances of the mistake with detail, "this means the who, what, when, where, and how: the first paragraph of any newspaper story."" *Lowe v. Diversified Consultants*, 2012 U.S. Dist. LEXIS 123650, 2-3 (N.D. Ill. Aug. 30, 2012).

## III. LEGAL DISCUSSION

It is now well settled, in the Northern District of California, and other courts within the Ninth Circuit, the U.S. Supreme Court's standards in *Twombly* and *Iqbal* apply to the pleading of affirmative defenses. *Ansari v. Electronic Document Processing, Inc*., 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012); *Scott v. Federal Bond and Collection Service, Inc*., 2011 U.S. Dist. LEXIS 5278 (N.D. Cal. 2011).  This is consistent with the majority of the federal courts nationwide. *Racick v. Dominion Law Associates*, 270 F.R.D. 228 (E.D. NC 2010); *Bradshaw v. Hilco Receivables, LLC,* 725 F. Supp. 2d 532, 535-537 (D. MD 2010).  Also see *Perez v. Gordon & Wong Law Group, P.C.,* No. 11CV03323 LHK, 2012 WL 1029425, at *8 (N.D. Cal. March 26, 2012) (collecting cases).  ("This standard 'serve[s] to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims").

And, "while a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Ansari v. Electronic Document Processing, Inc*., 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012).

Courts handling consumer protection matters have struck each of the Defendant's unsupported claims, or similarly factually unsupported claims.  For the convenience of the Court, Plaintiff will recite each of Defendant's affirmative defenses, along with a citation to a case with the very same unsupported affirmative defense, which was stricken:

## First Affirmative Defense (Failure to State a Claim)

As a separate and additional defense to the Complaint and each purported cause of action contained therein, Defendants contend that Plaintiff fails to state a claim or cause of action against it upon which relief can be granted.  Plaintiff's claims lack factual support and the state law claims are preempted.

The simple identification of one of Defendant's defenses, without any factual support, is insufficient to provide "fair notice." In addition to being inadequately pled, this is simply not a

- 4 -

proper affirmative defense. *Ansari v Electronic Document Processing, Inc.*, 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012); *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013); *Boldstar Tech., LLC v. Home Depot, Inc.,* 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007).

**Second Affirmative Defense (Waiver)**

As a separate and additional defense to the Complaint and each purported cause of action contained therein, Defendants allege that the Complaint and each cause of action set forth therein are barred by the doctrine of waiver.

A mere reference to a doctrine is insufficient notice; Defendant failed to provide any factual basis. *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013); *Scott v. Federal Bond and Collection Service, Inc.,* 2011 U.S. Dist. LEXIS 5278 (N.D. Cal. 2011).

**Third Affirmative Defense (Estoppel)**

As a separate and additional defense to the Complaint and each purported cause of action contained therein, Defendants allege that the Complaint and each cause of action set forth therein are barred by the doctrine of estoppel.

This statement is insufficient to provide fair notice. Defendant provides no factual basis for this claim in its answer, and "a reference to a doctrine is insufficient notice. *Ansari v Electronic Document Processing, Inc.*, 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012); *Polk v. Palisades,* 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013); *Dion v. Fulton, Friedman & Gullace, LLP,* 2012 U.S. Dist. LEXIS 5116 (N.D. Cal. 2012).

**Fourth Affirmative Defense (Unclean Hands)**

As a separate and additional defense to the Complaint and each purported cause of action contained therein, Defendants allege that the Complaint and each cause of action set forth therein are barred by the doctrine of unclean hands.

A mere reference to a doctrine is insufficient notice; Defendant fails to identify any factual basis for asserting the defense of unclean hands. *Ansari v Electronic Document Processing, Inc.*, 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012);  *Scott v. Federal Bond and Collection Service, Inc.*, 2011 U.S. Dist. LEXIS 5278 (N.D. Cal. 2011).

**Fifth Affirmative Defense (Failure to Mitigate Damages)**

As a separate and additional defense to the Complaint and each purported cause of action contained therein, Defendants allege that the Complaint and each cause of action set forth therein

**MOTION TO STRIKE WEBBANK AND DELL FINANCIAL SERVICES, LLC'S AFFIRMATIVE DEFENSES**

1   are barred insofar as Plaintiff has failed to mitigate her damages, if any, by cooperating with

2   Defendants.

3         Defendants provide no basis for this claim in its answer. *Ansari v Electronic Document*

4   *Processing, Inc.*, 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012); *Polk v. Palisades*, 2013 U.S.

    Dist. LEXIS 86555 (S.D. Cal. 2013); *Gandeza v. Brachfeld*, 2013 U.S. Dist. LEXIS 91534 (N.D.

5   Cal. 2013).

6   **Sixth Affirmative Defense (Consent)**

7         As a separate and additional defense to the Complaint and each purported cause of action

8   contained therein, Defendants allege that the Complaint and each cause of action set forth therein

9   fail and recovery is barred or limited based on the doctrine of consent.

10        A mere reference to a doctrine is insufficient notice; Defendant failed to provide any factual

    basis. *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013); *Scott v. Federal Bond and*

11  *Collection Service, Inc.,* 2011 U.S. Dist. LEXIS 5278 (N.D. Cal. 2011).

12  **Seventh Affirmative Defense (Assumption of Risk)**

13        As a separate and additional defense to the Complaint and each purported cause of action

14  contained therein, Defendants allege that Plaintiff assumed the risk of the harm she alleges to have

15  suffered at the hands of Defendants.

16        A mere reference to a doctrine is insufficient notice; Defendant failed to provide any factual

    basis. *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013); *Scott v. Federal Bond and*

17  *Collection Service, Inc.,* 2011 U.S. Dist. LEXIS 5278 (N.D. Cal. 2011).

18  **Eighth Affirmative Defense (Attorney's Fees)**

19        As a separate and additional defense to the Complaint and each purported cause of action

20  contained therein, Defendants allege that the Complaint and each cause of action set forth therein

21  are barred because they are unreasonable, filed without a reasonable investigation, and/or filed in

22  bad faith and/or are frivolous in nature. For these reasons, an award of attorneys' fees and costs is

    justified against Plaintiff.

23        This is not an affirmative defense.   Simply put, denials of the allegations in the Complaint

24  or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative

25  defenses. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

26

27

28

**MOTION TO STRIKE WEBBANK AND DELL FINANCIAL SERVICES, LLC'S
AFFIRMATIVE DEFENSES**

**Ninth Affirmative Defense (Ratification)**

As a separate and additional defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred from recovering against Defendant because she ratified, consented to, and/or acquiesced to the acts upon which the Complaint is based.

A mere reference to a doctrine is insufficient notice; Defendant failed to provide any factual basis. *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013); *Scott v. Federal Bond and Collection Service, Inc.,* 2011 U.S. Dist. LEXIS 5278 (N.D. Cal. 2011).

**Tenth Affirmative Defense (Comparative Fault)**

As a separate and additional defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred from recovering against Defendants on the Complaint and each cause of action therein because of the contributory and/or comparative fault of Plaintiff. If Plaintiff has been damaged, her damages were legally caused by and are the result of, in whole or in part, the acts of Plaintiff, not Defendants. Accordingly, any recovery by Plaintiff is barred or comparatively reduced by the percentage of fault of Plaintiff.

Defendants' pleading fails to give Plaintiff any indication regarding the conduct supporting the defense. See *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013)(striking contributory negligence).

**Eleventh Affirmative Defense (Apportionment)**

As a separate and additional defense to the Complaint and each purported cause of action contained therein, Defendants contend, without admitting that any damages exist, that if damages were suffered by Plaintiff, those damages were proximately caused by and contributed to by persons other than Defendants. The liability, if any exists, of Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of these Defendant [sic] should be reduced accordingly.

Defendants' pleading fails to give Plaintiff any indication regarding the conduct supporting the defense. *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013).  Nor does Defendant explain what third parties it is referring to.

Furthermore, denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

- 7 -

**MOTION TO STRIKE WEBBANK AND DELL FINANCIAL SERVICES, LLC'S AFFIRMATIVE DEFENSES**

**Twelfth Affirmative Defense (Release)**

As a separate and additional defense to the Complaint and each purported cause of action contained therein, Defendants alleges that the Complaint and each cause of action set forth therein are barred because, by Plaintiff's conduct or otherwise, Plaintiff has released any and all such claims alleged against Defendants.

A mere reference to a doctrine is insufficient notice; Defendant failed to provide any factual basis. *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013); *Scott v. Federal Bond and Collection Service, Inc.,* 2011 U.S. Dist. LEXIS 5278 (N.D. Cal. 2011).

**Thirteenth Affirmative Defense (Statute of Limitations/Laches)**

As a separate and additional defense to the Complaint and each purported cause of action contained therein, Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action against them for the reason that the causes of action alleged therein are barred by the applicable statutes of limitations.

Bare references to "statute of limitations" is insufficient to provide fair notice; insufficient as a matter of law. *Scott v. Federal Bond and Collection Service, Inc*., 2011 U.S. Dist. LEXIS 5278 (N.D. Cal. 2011); *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013). *Dion v. Fulton, Friedman and Gullace, LLP,* 2012 U.S. Dist. LEXIS 5116 (N.D. Cal. 2012).

**Fourteenth Affirmative Defense (Supervening Cause)**

As a separate and additional defense to the Complaint and each purported cause of action contained therein, Defendants allege that the causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or have no control.

Defendants provide no factual basis for its claims. Furthermore, denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of her claims are not affirmative defenses. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). *Ansari v. Electronic Document Processing, Inc*., 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012); *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013); *Scott v. Federal Bond and Collection Service, Inc,* 2011 U.S. Dist. LEXIS 5278 (N.D. Cal. 2011).

**Fifteenth Affirmative Defense (No Willful Conduct)**

As a separate and additional defense to the Complaint and each purported cause of action contained therein, Defendants contends that they did not engage in any conduct that was

**MOTION TO STRIKE WEBBANK AND DELL FINANCIAL SERVICES, LLC'S AFFIRMATIVE DEFENSES**

outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendants also allege that they never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

Defendants provide no basis for its claims. Furthermore, denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). *Ansari v. Electronic Document Processing, Inc.*, 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012); *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013); *Scott v. Federal Bond and Collection Service, Inc.,* 2011 U.S. Dist. LEXIS 5278 (N.D. Cal. 2011).

**Sixteenth Affirmative Defense (Reasonable Procedures)**

As a separate and additional defense to the Complaint and each purported cause of action contained therein, Defendants contend that at all times relevant herein, Defendants maintained reasonable procedures in their handling of Plaintiff's account and that Defendants acted in good faith and without malice or intent to injure Plaintiff.

Defendant provides no basis for its claims. Furthermore, denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). *Ansari v. Electronic Document Processing, Inc.*, 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012); *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013); *Scott v. Federal Bond and Collection Service, Inc.,* 2011 U.S. Dist. LEXIS 5278 (N.D. Cal. 2011).  Furthermore, this seems to be a disguised "bona fide error" defense, which is addressed in detail below.

**Seventeenth Affirmative Defense (Equitable Indemnity)**

As a separate and additional defense to the Complaint and each purported cause of action contained therein, Defendants allege that, to the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from another persons and/or entities causing or contributing to such damages, if any.

Defendant provides no basis for its claim.

Finally, this is not an affirmative defense. The damages are limited by statute, thus Defendant need not plead this limitation in its answers. *Ansari v Electronic Document Processing, Inc.*, 2012

- 9 -

**MOTION TO STRIKE WEBBANK AND DELL FINANCIAL SERVICES, LLC'S AFFIRMATIVE DEFENSES**

U.S. Dist. LEXIS 128622 (N.D. Cal. 2012); *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013).

**Eighteenth Affirmative Defense (Bona Fide Error)**

To the extent any violation of the law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such a violation.

This statement lacks sufficient details. When pleading a "bona fide error" under the Fair Debt Collection Practices Act (15 U.S.C. §1692k),2 "defendant must plead the circumstances of the mistake with detail, "this means the who, what, when, where, and how: the first paragraph of any newspaper story." *Lowe v. Diversified Consultants,* 2012 U.S. Dist. LEXIS 123650, 2-3 (N.D. Ill. Aug. 30, 2012).  Defendant's pleading does not meet the U.S. Supreme Court pleading standards of Twombly and Iqbal, and does not state the "who, what, when, where, and how" required when alleging a bona fide error defense under the Fair Debt Collection Practices Act (15 U.S.C. §1692k(c). *Gandeza v. Brachfeld,* 2013 U.S. Dist. LEXIS 91534 (N.D. Cal. 2013); *Polk v. Palisades,* 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013); *Bradshaw v. Hilco Receivables, LLC,* 725 F. Supp. 2D 532, (D. MD 2010); *Racick v. Dominios Law Associates,* 270 F.R.D. 228 (W.D. NC 2010).

**Nineteenth Affirmative Defense (Set-Off)**

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants or is awarded statutory penalties, which Defendants deny, Defendants are entitled to a setoff in the amount Plaintiff owes on his unpaid account, including any recoverable interest, collection costs, and attorneys' fees.

This statement is insufficient to provide fair notice. Defendant provides no basis for this claim in its answer, and "a reference to a doctrine is insufficient notice. *Ansari v Electronic Document Processing, Inc.*, 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012); *Polk v. Palisades,* 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013); *Dion v. Fulton, Friedman & Gullace, LLP,* 2012 U.S. Dist. LEXIS 5116 (N.D. Cal. 2012); *Gandeza v. Brachfeld,* 2013 U.S. Dist. LEXIS 91534 (N.D. Cal. 2013).

---

2 Pleading a bona fide error under California's Fair Debt Collection Practices Act (Civil Code 1788.30), as Defendant does herein, is no different.

**MOTION TO STRIKE WEBBANK AND DELL FINANCIAL SERVICES, LLC'S AFFIRMATIVE DEFENSES**

1
2
3   **Twentieth Affirmative Defense (Separate and Additional Defenses)**
4       Defendants reserve the right to allege additional defenses as they may become known, or as
    they evolve during the litigation, and to amend its answer accordingly.
5
6       The mere "reserves the right to amend its answer to assert any such defense" is not an
    affirmative defense. Furthermore, Defendants cannot provide an enumerated or unenumerated
7   laundry list of affirmative defenses. *Ansari v. Electronic Document Processing, Inc.,* 2012 U.S.
8   Dist. LEXIS 5116 (N.D. Cal. 2012). *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal.
9   2013).

10  **IV.  CONCLUSION**

11      The affirmative defenses do not provide any factual support, and some are not even
12  affirmative defenses at all.  Thus, Defendants' affirmative defenses must be stricken.

13  Date: 2/25/14
14
15  Respectfully,

16  /s/Ronald Wilcox
    Ronald Wilcox
17  Attorney for Plaintiff

18
19
20
21
22
23
24
25
26
27
28

**MOTION TO STRIKE WEBBANK AND DELL FINANCIAL SERVICES, LLC'S
AFFIRMATIVE DEFENSES**