1 | Wayne W. Call, Bar No. 56676
2 |   wcall@calljensen.com
   | Kent R. Christensen, Bar No. 253815
3 |   kchristensen@calljensen.com
   | Cardon B. Smith, Bar No. 277532
4 |   csmith@calljensen.com
   | CALL & JENSEN
5 | A Professional Corporation
   | 610 Newport Center Drive, Suite 700
6 | Newport Beach, CA 92660
7 | Tel:     (949) 717-3000
   | Fax:     (949) 717-3100
8 |
9 | Attorneys for Defendants WebBank and
   | Dell Financial Services, LLC
10 |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

PATRICIA G. PACHECO,

       Plaintiff,

       vs.

WEBBANK, DELL FINANCIAL
SERVICES, LLC, and DOES 1-10,

       Defendants.

Case No. 5:13-cv-05964 PSG

**DEFENDANTS WEBBANK AND
DELL FINANCIAL SERVICES,
LLC'S AMENDED ANSWER TO
COMPLAINT**

**DEMAND FOR JURY TRIAL**

Complaint Filed:  December 27, 2013
Trial Date:      None Set

     Defendants WebBank ("WebBank") and Dell Financial Services, Inc. ("DFS") (collectively, "Defendants") hereby answer the Complaint ("Complaint") filed by Patricia G. Pacheco ("Plaintiff"). In submitting their Answer and affirmative defenses to the Complaint, Defendants deny all allegations except as expressly admitted herein. Defendants respond specifically to Plaintiff's allegations as follows:

CALL &
JENSEN

1.      In response to paragraph 1 of the Complaint, Defendants deny the allegations.  As Plaintiff knows, the alleged "thief" is her son.  Upon information and belief, Plaintiff has refused to pursue charges against her son.  Because this was an issue of family fraud and Plaintiff would not pursue the claims, the Santa Cruz police department refused to investigate further and determined the issue was a civil matter.  Further, the account has been paid off, it was never reported as delinquent, and no false or inaccurate information was reported on Plaintiff's credit report.  Defendants further deny any and all liability and deny that Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief that she seeks.

2.      In response to paragraph 2 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the statements in paragraph 2, and therefore deny them.  Defendants further state that any damages Plaintiff has suffered were not caused by Defendants' actions.

3.      In response to paragraph 3 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the statements in paragraph 3, and therefore deny them.

4.      In response to paragraph 4 of the Complaint, Defendants admit that they are authorized to do business and do business in California.

5.      In response to paragraph 5 of the Complaint, Defendants admit that this Court has jurisdiction under 28 U.S.C. section 1337 for the federal causes of action.

6.      In response to paragraph 6 of the Complaint, Defendants admit that Plaintiff has alleged that venue in this district is proper.

7.      In response to paragraph 7 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the statements in paragraph 7, and therefore deny them.

8.      In response to paragraph 8 of the Complaint, Defendant WebBank denies that it is a debt collector as that term is defined by California Civil Code section

CALL & JENSEN

1  1788.2(c). WebBank also denies that it is a "claimant" as defined by 1798.92(a) in that

2  it had no present interest in the debt at the time the Complaint was filed.

3     9. In response to paragraph 9 of the Complaint, Defendant DFS denies that it

4  is a debt collector in this action as that term is defined by California Civil Code section

5  1788.2(c), however, DFS admits it is a loan servicer for WebBank.  DFS also denies

6  that it is a "claimant" as defined by 1798.92(a) in that it had no present interest in the

7  debt at the time the Complaint was filed.   Defendants deny any remaining allegations

8  paragraph 9.

9     10. In response to paragraph 10 of the Complaint, Defendants are without

10  sufficient knowledge or information to form a belief as to the truth of the statements in

11  paragraph 10, and therefore deny them.

12     11. In response to paragraph 11 of the Complaint, Defendants are without

13  sufficient knowledge or information to form a belief as to the truth of the statements in

14  paragraph 11, and therefore deny them.

15     12. In response to paragraph 12 of the Complaint, Defendants deny the

16  allegations.

17     13. In response to paragraph 13 of the Complaint, Defendants state that such

18  statements are not subject to either an admission or a denial.

19     14. In response to paragraph 14 of the Complaint, Defendants are without

20  information sufficient to form a belief as to the truth of such allegations and on that

21  basis deny them.  Upon information and belief, the alleged "thief" is her son and

22  Plaintiff has refused to pursue charges against him.  Because this was an issue of family

23  fraud and Plaintiff would not pursue the claims, the Santa Cruz police department

24  refused to investigate further and determined the issue was a civil matter.

25     15. In response to paragraph 15 of the Complaint, Defendants are without

26  sufficient knowledge or information to form a belief as to the truth of the statements in

27  paragraph 15, and therefore deny them.  The person who opened the account in her

28  name was her son.

CALL &
JENSEN

16.   In response to paragraph 16 of the Complaint, Defendant WebBank denies the allegations.  Defendant DFS lacks information sufficient to form a belief as to the truth of these allegations and on that basis denies them.

17.   In response to paragraph 17 of the Complaint, Defendant WebBank denies the allegations.   On information and belief, Plaintiff is responsible for the account, and/or purchases on the account.  Defendant DFS lacks information sufficient to form a belief as to the truth of these allegations and on that basis denies them.

18.   In response to paragraph 18 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the statements in paragraph 18, and therefore deny them.  Defendants state they have not reported false information on Plaintiff's account.

19.   In response to paragraph 19 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the statements in paragraph 19, and therefore deny them. On information and belief, however, Plaintiff is responsible for the account and/or purchases on the account.

20.   In response to paragraph 20 of the Complaint, Defendants deny such allegations.  To the extent any inaccurate information was reported, it was not done knowingly or willfully.

21.   In response to paragraph 21 of the Complaint, Defendants deny the allegations.  Defendants properly investigated Plaintiff's claims and learned that the Santa Cruz Police had determined this was an issue of family fraud and that Plaintiff refused to pursue charges against her son.

22.   In response to paragraph 22 of the Complaint, Defendants deny the allegations.

22. [Sic] In response to paragraph 22 [sic] of the Complaint, Defendants deny the allegations.  Defendants properly investigated Plaintiff's claims and learned that the Santa Cruz Police had determined this was an issue of family fraud and that Plaintiff

DEFENDANTS WEBBANK AND DELL FINANCIAL SERVICES, LLC'S AMENDED ANSWER TO COMPLAINT

1    refused to pursue charges against her son.  Plaintiff also failed to return the Dell

2    Financial Services fraud affidavit form to Defendants.

3        23.    In response to paragraph 23 of the Complaint, Defendants deny the

4    allegations.

5        24.    In response to paragraph 24 of the Complaint, Defendants deny the

6    allegations.

7        25.    In response to paragraph 25 of the Complaint, Defendants deny the

8    allegations.

9

10                        **FIRST CLAIM FOR RELIEF**

11                  **CALIFORNIA IDENTITY THEFT STATUTE**

12                  *(Cal. Civil Code section 1798.92 et seq.)*

13        26.    In response to paragraph 26 of the Complaint, Defendants re-allege and

14    incorporate herein by reference their responses to paragraphs 1 through 25 of the

15    Complaint, as though set forth herein.

16        27.    In response to paragraph 27 of the Complaint, Defendants deny the

17    allegations.  At the time of the Complaint the account balance was zero.  Accordingly,

18    neither Defendant had a present interest in the debt.

19        28.    In response to paragraph 28 of the Complaint, Defendants are without

20    sufficient information or knowledge to form a belief as to the truth of such allegations,

21    and on that basis denies them.  Defendants allege however, that the alleged "thief" is

22    Plaintiff's son.  Upon information and belief, Plaintiff has refused to pursue charges

23    against her son.  Because this was an issue of family fraud and Plaintiff would not

24    pursue the claims, the Santa Cruz police department refused to investigate further and

25    determined the issue was a civil matter.

26        29.    In response to paragraph 29 of the Complaint, Defendants are without

27    sufficient information or knowledge to form a belief as to the truth of such allegations,

28    and on that basis denies them.

30.     In response to paragraph 30 of the Complaint, Defendants deny such allegations.

31.     In response to paragraph 31 of the Complaint, Defendants deny such allegations. Defendants further allege that the account balance is zero.

32.     In response to paragraph 32 of the Complaint, Defendants deny such allegations.   Defendants further allege that there is no outstanding balance on the account.

33.     In response to paragraph 33 of the Complaint, Defendants deny such allegations. Defendants further state that the account balance is zero.  Defendants do not seek to collect any debt or enforce a security interest.

34.     In response to paragraph 34 of the Complaint, Defendants deny such allegations. Defendants further deny any and all liability and deny that Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief that she seeks.

35.     In response to paragraph 35 of the Complaint, Defendants deny such allegations.

36.     In response to paragraph 36 of the Complaint, Defendants deny such allegations.

## SECOND CLAIM FOR RELIEF - RFDCPA

### *(Rosenthal Fair Debt Collection Practices Act (Cal. Civil Code 1788 et seq.))*

37.     In response to paragraph 37 of the Complaint, Defendants re-allege and incorporate herein by reference their responses to paragraphs 1 through 36 of the Complaint, as though set forth herein.

38.     In response to paragraph 38 of the Complaint, Defendants deny such allegations. Defendants further deny any and all liability and deny that Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief that she seeks.

39.     In response to paragraph 39 of the Complaint, Defendants deny such allegations.

DEFENDANTS WEBBANK AND DELL FINANCIAL SERVICES, LLC'S AMENDED ANSWER TO COMPLAINT

1   40.   In response to paragraph 40 of the Complaint, Defendants deny such
2   allegations.

3   41.   In response to paragraph 41 of the Complaint, Defendants deny such
4   allegations.

5   42.   In response to paragraph 42 of the Complaint, Defendants deny such
6   allegations. Defendants further deny any and all liability and deny that Plaintiff's claims
7   are valid or that Plaintiff is entitled to any of the relief that she seeks.

8

9                **THIRD CLAIM FOR RELIEF - CCCRA**

10      *(California Consumer Credit Reporting Act (Cal. Civil Code 1785.25 et seq.)*

11                          *Against Defendants)*

12  43.   In response to paragraph 43 of the Complaint, Defendants deny such
13  allegations.

14  44.   In response to paragraph 44 of the Complaint, Defendants deny such
15  allegations.

16  45.   In response to paragraph 45 of the Complaint, Defendants deny such
17  allegations.

18  46.   In response to paragraph 46 of the Complaint, Defendants deny such
19  allegations.

20  47.   In response to paragraph 47 of the Complaint, Defendants deny such
21  allegations.  Defendants further deny any and all liability and deny that Plaintiff's
22  claims are valid or that Plaintiff is entitled to any of the relief that she seeks.

23  48.   In response to paragraph 48 of the Complaint, Defendants deny such
24  allegations. Defendants further deny any and all liability and deny that Plaintiff's claims
25  are valid or that Plaintiff is entitled to any of the relief that she seeks.

26

27

28

CALL & JENSEN

## FOURTH CLAIM FOR RELIEF – FCRA (1681s2-b)

### (Against Defendants)

49.     In response to paragraph 49 of the Complaint, Defendants re-allege and incorporate herein by reference their responses to paragraphs 1 through 48 of the Complaint, as though set forth herein.

50.     In response to paragraph 50 of the Complaint, Defendants deny such allegations.

51.     In response to paragraph 51 of the Complaint, Defendants deny such allegations.

52.     In response to paragraph 52 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the statements in paragraph 52, and therefore deny them.

53.     In response to paragraph 53 of the Complaint, Defendants were aware of Plaintiff's purported dispute, however, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining statements in paragraph 53, and therefore deny them.

54.     In response to paragraph 54 of the Complaint, Defendants deny such allegations.  Defendants conducted a proper investigation into the claims.  At all times relevant and during any investigation period, the account was reported as in dispute. Defendants have never reported the account as delinquent.

55.     In response to paragraph 55 of the Complaint, Defendants deny such allegations.  Defendants further deny any and all liability and deny that Plaintiff's claims are valid or that Plaintiff is entitled to any of the relief that she seeks.

/ / /

/ / /

/ / /

/ / /

/ / /

CALL & JENSEN

1

2

3

## AFFIRMATIVE DEFENSES
## FIRST SEPARATE AND ADDITIONAL DEFENSE
### (Failure to State a Claim)

4       56.    As a separate and additional defense to the Complaint and each purported

5   cause of action contained therein, Defendants contend that Plaintiff fails to state a claim

6   or cause of action against it upon which relief can be granted.  Plaintiff's claims lack

7   factual support.  The factual bases for Defendants' assertion of this affirmative defense

8   are, among others, that (1) this case is not an identity theft case, but a case of family

9   fraud; (2) the investigating police officer in the Santa Cruz Police Department

10  investigated the matter and, upon learning that the alleged "identity thief" was

11  Plaintiff's own son and Plaintiff refused to pursue charges against him, did not

12  investigate the case further as an identity theft case, since family fraud is a civil matter

13  between Plaintiff and her son; (3) Defendants have no present interest in the debt which

14  has been paid in full; and (4) Plaintiff's account was never reported as being past due by

15  Defendants.

16

17

## SECOND SEPARATE AND ADDITIONAL DEFENSE
### (Waiver)

19      57.    As a separate and additional defense to the Complaint and each purported

20  cause of action contained therein, Defendants allege that the Complaint and each cause

21  of action set forth therein are barred by the doctrine of waiver.  The alleged "identity

22  thief" in this instance is the Plaintiff's own son, and Plaintiff was aware of this fact

23  since she first disputed the charges at issue in this case.  Plaintiff, upon information and

24  belief, refused to pursue claims against her son and failed to return the Dell Financial

25  Services fraud affidavit to Defendants.  Accordingly, Plaintiff has waived any claims

26  against Defendants.

27  / / /

28  / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Estoppel)

58.    As a separate and additional defense to the Complaint and each purported cause of action contained therein, Defendants allege that the Complaint and each cause of action set forth therein are barred by the doctrine of estoppel.  The alleged "identity thief" in this instance is the Plaintiff's own son, and Plaintiff was aware of this fact since she first disputed the charges at issue in this case.  Plaintiff, upon information and belief, refused to pursue claims against her son and failed to return the Dell Financial Services fraud affidavit to Defendants.   Plaintiff is estopped from asserting that Defendants are liable for any wrongdoing whatsoever for any cause of action related to Plaintiff's claims.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Unclean Hands)

59.    As a separate and additional defense to the Complaint and each purported cause of action contained therein, Defendants allege that the Complaint and each cause of action set forth therein are barred by the doctrine of unclean hands.  Plaintiff's own son is the alleged "identity thief." The investigating police officer of the Santa Cruz Police Department declined to investigate the matter as a case of identity theft, and instead referred to it as a civil matter between Plaintiff and her son because, upon information and belief, Plaintiff refused to pursue the claims against her son.  To the extent that the evidence uncovers an intent to deceive on behalf of Plaintiff or any other fraudulent intent in connection with asserting claims of identity theft in connection with this lawsuit, Defendants reserve their right to assert this as a basis to the affirmative defense of unclean hands as well.

/ / /

/ / /

/ / /

DEFENDANTS WEBBANK AND DELL FINANCIAL SERVICES, LLC'S AMENDED ANSWER TO COMPLAINT

CALL&
JENSEN

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Mitigate Damages)

60.     As a separate and additional defense to the Complaint and each purported cause of action contained therein, Defendants allege that the Complaint and each cause of action set forth therein are barred insofar as Plaintiff has failed to mitigate her damages, if any, by cooperating with Defendants. Plaintiff's son is the alleged "identity thief." Plaintiff knew that her son was the alleged identity thief and upon information and belief has refused to pursue those claims against him.   Plaintiff also failed to cooperate fully in Defendants' investigation of the claims by failing to return the fraud affidavit.    Accordingly,  any  damages  which  may  have  occurred  could  have  been avoided or mitigated by Plaintiff.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Consent)

61.     As a separate and additional defense to the Complaint and each purported cause of action contained therein, Defendants allege that the Complaint and each cause of action set forth therein fail and recovery is barred or limited based on the doctrine of consent.    Plaintiff's son is the alleged "identity thief."  Plaintiff knew that her son was the alleged identity thief and, upon information and belief, has refused to pursue charges against him.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Ratification)

62.     As a separate and additional defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred from recovering against Defendant because she ratified, consented to, and/or acquiesced to the acts upon which the Complaint is based. Plaintiff's son is the alleged "identity thief."  Plaintiff knew that her son was the alleged identity thief and, upon information

CALL&
JENSEN

DEFENDANTS WEBBANK AND DELL FINANCIAL SERVICES, LLC'S AMENDED ANSWER TO COMPLAINT

and belief, refused to pursue charges against him.  Plaintiff also failed to return the fraud affidavit to Defendants thereby ratifying her son's conduct.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE
### (Comparative Fault)

63.    As a separate and additional defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred from recovering against Defendants on the Complaint and each cause of action therein because of the contributory and/or comparative fault of Plaintiff.  If Plaintiff has been damaged, her damages were legally caused by and are the result of, in whole or in part, the acts of Plaintiff, not Defendants.  The alleged "identity thief" is Plaintiff's son. Plaintiff knew that the alleged identity thief was her son and failed to act with the appropriate standard of care under the circumstances which, at least in part, contributed to her alleged damages. Accordingly, any recovery by Plaintiff is barred or comparatively reduced by the percentage of fault of Plaintiff.

## NINTH SEPARATE AND ADDITIONAL DEFENSE
### (Apportionment)

64.    As a separate and additional defense to the Complaint and each purported cause of action contained therein, Defendants contend, without admitting that any damages exist, that if damages were suffered by Plaintiff, those damages were proximately caused by and contributed to by persons other than Defendants, including, without limitation, Plaintiff's own son, who is in fact the alleged "identity thief." Plaintiff knew that it was her son who incurred, and was incurring, the alleged improper charges. Moreover, the investigating police officer of the Santa Cruz Police Department referred to the matter as a civil matter strictly between Plaintiff and her own son, and no criminal charges were pursued.  The liability, if any exists, of Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their

CALL&
JENSEN

1  relative degrees of fault (including among Plaintiff and Plaintiff's son), and the liability
2  of these Defendants should be reduced accordingly.

3

4  ### TENTH SEPARATE AND ADDITIONAL DEFENSE
5  **(Bona Fide Error)**

6      65.    To the extent any violation of the law occurred, which Defendants
7  expressly deny, said violation was not intentional and resulted from a bona fide error
8  notwithstanding the maintenance of procedures reasonably adapted to avoid such a
9  violation. Plaintiff's account was opened online on February 24, 2012.  The online
10 process requires the applicant have specific personal identification information and
11 answer security questions designed to prevent issuance of credit to identity thieves.  To
12 the extent any mistake was made in issuing credit in Plaintiff's name and thereafter
13 reporting the existence of the account incorrectly to the credit reporting agencies prior
14 to receiving notice of the alleged identity theft, it resulted from automatic procedures to
15 report information on open accounts and was not done intentionally or with knowledge
16 of Plaintiff's claims.  Moreover, to the extent any violation of the debt collection laws
17 occurred it was the result of a bona fide error.  For instance, any calls to Plaintiff
18 occurred prior to Plaintiff's notice of any claim of identity theft in July 2013.
19 Thereafter, Defendants properly investigated and reasonably responded to the
20 information it obtained by noting the account was in dispute at all relevant times and
21 ceased collection efforts.  Plaintiff's account was never reported as past due and was
22 ultimately paid off.  If any collection efforts (i.e., calls, letters, reporting) were
23 undertaken by Defendants after July 2013 it was due to a bona fide error contrary to
24 policy and procedure because the account was noted as in dispute and not delinquent.

25

26     WHEREFORE, Defendants request the following relief:

27     1.    That Plaintiff take nothing by this action;

28     2.    That judgment be awarded in favor of Defendants;

CALL &
JENSEN
EST. 1982

1      3.     That Defendants be awarded its costs of suit incurred herein, inclusive of

2            reasonable attorneys' fees; and

3      4.     For such other and further relief as the Court may deem just and proper.

4

5  Dated: March 17, 2014                 CALL & JENSEN

6                                         A Professional Corporation

                                       Wayne W. Call

7                                         Kent R. Christensen

                                       Cardon B. Smith

8

9                              By: */s/ Kent R. Christensen*

10                                  Kent R. Christensen

11                           Attorneys for Defendants WebBank and Dell

                          Financial Services, LLC

12

13

14

15                               **DEMAND FOR JURY**

16       Defendants WebBank and Dell Financial Services, LLC hereby demand a jury

17 pursuant to FRCP 38(b) on all issues raised in the Complaint of Plaintiff.

18

19 Dated: March 17, 2014                 CALL & JENSEN

                                       A Professional Corporation

20                                        Wayne W. Call

                                       Kent R. Christensen

21                                        Cardon B. Smith

22

23                             By: */s/ Kent R. Christensen*

                                 Kent R. Christensen

24                           Attorneys for Defendants WebBank and Dell

25                           Financial Services, LLC

26

27

28

CALL & JENSEN

DEFENDANTS WEBBANK AND DELL FINANCIAL SERVICES, LLC'S AMENDED ANSWER TO COMPLAINT

1

## CERTIFICATE OF SERVICE

2

3          I hereby certify that on March 17, 2014, I electronically filed the foregoing

4    document described as **DEFENDANTS WEBBANK AND DELL FINANCIAL**

5    **SERVICES, LLC'S AMENDED ANSWER TO COMPLAINT AND DEMAND**

6    **FOR JURY TRIAL** with the Clerk of the Court using the CM/ECF System which will

7    send notification of such filing via electronic mail to all counsel of record.

8

9                                    /s/Kent R. Christensen

10

11

12

13

14

15

16

17

18

19

20

21

22

23

CALL & JENSEN 24

25

26

27

28